IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS JOHN WUNDER,

                                                             ORDER

                Petitioner,

                                                              09-cv-591-bbc

     v.

CAROL HOLINKA, Warden,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Thomas John Wunder is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. He has filed a pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid a $5 filing fee. In the petition, petitioner contends that respondent Holinka has violated his rights by refusing his request to be placed in a halfway house for the full 12 months before his release date, as authorized by the Second Chance Act of 2007, 18 U.S.C. § 3624(c). He asks this court to order the Federal Bureau of Prisons to transfer him to a halfway house on July 11, 2010, which is the full 12 months before his release date.

      I cannot consider the merits of the petition because petitioner concedes that he has not exhausted his administrative remedies. Although § 2241 does not include an exhaustion

1

rule, the Court of Appeals for the Seventh Circuit applies one under common law. Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986). Petitioner explains his failure to exhaust as follows: "If the warden denied me then it is useless to continue with the administrative process because the warden & region must be in concurrence."

I understand petitioner to be raising the futility exception to the exhaustion requirement. Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004). The futility exception applies when "'appealing through the administrative process would be futile because the agency is biased or has predetermined the issue[.]'" Id. (quoting Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002)). However, satisfying the futility exception presents a heavy burden "because futility only exists if there is 'no reasonable prospect that [petitioner] could obtain any relief' by pursing an appeal . . . ." Gonzalez, 355 F.3d at 1016-17 (quoting Health Equity Resources Urbana, Inc. v. Sullivan, 927 F.2d 963, 965 (7th Cir. 1991)).

Petitioner's situation does not satisfy the futility exception. Petitioner's contention is essentially that he did not need to appeal the warden's denial of his request because if the warden denied his request, the regional director would not decide any differently. However, petitioner's statement that further appeal through the administrative process was useless does not make it so. A purpose behind requiring exhaustion of administrative remedies, including the appeal process, is to provide officials the opportunity to reach final

determinations on relevant issues and to catch any mistakes or correct any errors without having to resort to litigation. Gonzalez, 355 F.3d at 1017 ("The Supreme Court has set out two purposes for exhaustion: protecting administrative agency authority and promoting judicial efficiency." (Internal quotation omitted)).

Petitioner raises no reasons why there would be a predetermined response to his request. In fact, the opposite appears true. In petitioner's request for an administrative remedy, he asked for reconsideration of his entitlement to a 12-month pre-release placement in a halfway house. Had petitioner given the regional director the chance to review the warden's denial, there was at least the reasonable prospect that upon review of petitioner's circumstances the director could have found in petitioner's favor. In other words, if the regional director had determined that the warden's decision was incorrect, petitioner may have been able to obtain placement in a halfway house 12 months before his release date. However, petitioner's failure to exhaust his available administrative remedies denied prison officials the chance to issue a final determination regarding petitioner's request. Before petitioner may obtain relief in this court, he must give the prison officials that chance by completing the administrative grievance process set forth in 28 C.F.R. §§ 542.10-19.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Thomas John

3

Wunder under 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to exhaust his administrative remedies.

Entered this 12th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4