IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS JOHN WUNDER,

                                                     ORDER

          Petitioner,

                                                09-cv-591-bbc

    v.

CAROL HOLINKA, Warden,

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Thomas Wunder petitioned this court for a writ of habeas corpus under 28 U.S.C. § 2241. On November 12, 2009, I dismissed his petition because he failed to exhaust his administrative remedies. Dkt. #5. Judgment was entered on November 17, 2009. Dkt. #6. On November 23, 2009, petitioner filed a motion for reconsideration. Dkt. #7. Although petitioner's motion is titled as a motion for reconsideration, I construe it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).

      The purpose of a Rule 59 motion is to bring to the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). A manifest error is evidenced by "a disregard, misapplication or failure to recognize controlling precedent." Oto v. Metropolitan

1

<u>Life Insurance Co.</u>, 224 F.3d 601, 606 (7th Cir. 2000).  Further, Rule 59 motions should not be used to rehash previous arguments.  <u>Id.</u>

Motions under Rule 59 must be filed within ten days of the entry of judgment.  Fed. R. Civ. P. 59(b).  (As of December 1, 2009, the time limit for filing Rule 59 motions has been extended to 28 days.  However, petitioner's motion was filed before the new time limit came into effect.)  In calculating the 10-day period, weekends and holidays are not counted.  Fed. R. Civ. P. 6.  If the motion is timely, the movant must "clearly establish" his grounds for relief.  <u>Harrington v. City of Chicago</u>, 433 F.3d 542, 546 (7th Cir. 2006) (citing <u>Romo v. Gulf Stream Coach, Inc</u>., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).  A timely motion filed pursuant to Fed. R. Civ. P. 59 tolls the time for taking an appeal.  Fed. R. App. P. 4(a)(4)(A)(iv).

Petitioner's motion is timely.  Judgment was entered on November 17, 2009 and his Rule 59 motion was filed on November 23, 2009, four business days later.  However, petitioner does not provide any newly discovered evidence or "clearly establish" any manifest error in law or fact.  Instead, he reiterates the position he took in his petition.

Petitioner does not dispute that he never appealed to the regional director the warden's denial of petitioner's request for a 12-month pre-release placement in a halfway house.  Petitioner contends that he did not need to appeal the warden's decision to the regional director because "[t]here is no way for the Regional Director to order the Warden

2

to agree" to his request. Petitioner is mistaken.

Petitioner points out that the warden would have to obtain the regional director's approval to grant petitioner's pre-release placement request. Although this is true, it does not change the fact that the warden's initial denial of petitioner's request should have been appealed to the regional director. As explained in the previous order, dkt. #5, petitioner was required to give the regional director an opportunity to review the warden's initial denial of his request and make a final determination regarding the request. His failure to do so cut the administrative grievance process short. Because petitioner has not clearly established any manifest error by the court, his Rule 59 motion will be denied.

If petitioner still wishes to challenge the order dismissing his petition for a writ of habeas corpus, his recourse is to appeal the decision to the Court of Appeals for the Seventh Circuit. If he intends to take this route, he should be aware that the time for filing an appeal runs from the date of entry of an order disposing of his timely filed Rule 59 motion. Fed. R. App. P. 4(a)(4)(A)(iv). A party in a § 2241 action has 60 days from the date of entry of the judgment in which to file a notice of appeal. Fed. R. App. P 4(a)(1)(B). Therefore if petitioner intends to file an appeal in this case, he has 60 days from the date of entry of this order in which to do so.

Moreover, the fee for filing an appeal is $455. If plaintiff requests leave to proceed in forma pauperis on appeal, 28 U.S.C. § 1915, his request should be accompanied by a trust

3

fund account statement for the six-month period immediately preceding the filing of his notice of appeal so that this court can determine his financial eligibility for pauper status. In determining whether a petitioner would be granted indigent status on appeal under § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. 1915(a)(1) and (3). I express no opinion at this time whether I would grant such a request.

ORDER

IT IS ORDERED that petitioner's Rule 59 motion to alter or amend the judgment, dkt. #7, is DENIED.

Entered this 4th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge